UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BRIAN HICKS,**
**ADC #138964**                                                                 **PLAINTIFF**

v.                          **CASE NO. 4:11cv00036 BSM**

**BARACK OBAMA**
**President of the United States, et al.**                          **DEFENDANTS**

**ORDER OF DISMISSAL**

Plaintiff, who is a prisoner in the Tucker Unit of the Arkansas Department of Correction ("ADC"), has filed a *pro se* 42 U.S.C. § 1983 complaint alleging that defendants have violated his constitutional rights. [Doc. No. 2].

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). A complaint or a portion thereof must be dismissed if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the

elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

Plaintiff alleges that defendants President Barack Obama, Secretary of Defense Robert Gates, Former President George W. Bush, and Former Vice President Dick Chaney are inexplicably responsible for a variety of misfortunes plaintiff has endured during the last several years. *See* Doc. No. 2. For instance, plaintiff alleges that he has lost several jobs, employers have refused to hire him, his marriage has failed, and unspecified individuals have "eavesdropped on"and "harassed him." *Id.* Plaintiff also contends that unnamed individuals attacked him while he was confined in the Miller County Jail in 2005 and in the Delta Regional Unit. *Id.*

Many of plaintiff's claims do not rise to the level of a constitutional violation. *See* 42 U.S.C. § 1983; *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004) (explaining that a § 1983 action can only be brought for violations of a federal statutory or constitutional right). Additionally, plaintiff has not explained (nor is it conceivable) how any of the named defendants were personally involved in the possible constitutional violations raised in this case. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (U.S. 2009) (explaining that, because there is no vicarious liability in a § 1983 action, a prisoner "must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution"). Thus, he has failed to state a viable claim for relief.

If plaintiff wishes to pursue claims that his constitutional rights were violated at the Miller County Jail or the Delta Regional Unit, he must file *separate* §1983 complaints that: (1) include the constitutional claims that occurred at only *one* institution (in other words, plaintiff *cannot* combine into one complaint his claims that arose at the Miller County Jail and the Delta Regional Unit); (2) name as defendants the prison officials at each institution who violated his constitutional rights; and (3) explain how each named defendant personally participated in each constitutional violation.

IT IS THEREFORE ORDERED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case is DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2. The dismissal of this action CONSTITUTES a "strike," as defined by 28 U.S.C. § 1915(g).

3. It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal this order of dismissal and the accompanying judgment would not be taken in good faith.

Dated this 20th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE